**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| M&G Health Associates, Inc., a/k/a | ) | FILED: JULY 11, 2008 |
| M&G Health Associates, SC, | ) | 08CV3944 |
| | ) | JUDGE LEFKOW |
| Plaintiff, | ) | MAGISTRATE JUDGE COX |
| | ) | EDA |
| v. | ) | Case No. _____ |
| | ) | |
| Health Care Service Corporation, | ) | |
| a Mutual Legal Reserve Company, | ) | |
| d/b/a Blue Cross Blue Shield of Illinois, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Health Care Service Corporation, a Mutual Legal Reserve Company, d/b/a Blue Cross Blue Shield of Illinois ("HCSC"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby provides notice that this cause has been removed to this Court from the Circuit Court of Cook County, Illinois. In support of its Notice of Removal, HCSC states as follows:

1. On May 28, 2008, Plaintiff, M&G Health Associates, Inc., a/k/a M&G Health Associates, S.C. ("M&G"), filed its Complaint at Law (attached hereto as Exhibit A).

2. The Complaint alleges that M&G provided outpatient surgical facilities and supplies to patients who were covered under health insurance policies issued by HCSC or whose claims were administered by HCSC as a "third-party administrator," and that HCSC failed to pay M&G for the services rendered (Complaint, Exhibit A at ¶¶ 8, 13-15, and 23). The Complaint purports to allege a series of common law claims, including breach of contract, promissory estoppel, unjust enrichment, quantum meruit, and account stated, as well as a violation of § 155 of the Illinois Insurance Code.

3.      Attached to the Complaint are three Exhibits identifying the patients to whom M&G allegedly provided medical services.[1]  The Exhibits also reflect the patients' group and patient identification numbers.

4.      Based on the information stated on Exhibits A through C to the Complaint, the Complaint includes claims based on services rendered to patients who were beneficiaries under employee welfare benefit plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).

5.      Count I of the Complaint alleges that the services provided to the patients listed in Group Exhibits A through C were services that were covered under the various health insurance policies.  The Complaint further alleges that patients listed in Exhibits A through C executed Assignments of Benefits, which "[put] M&G in the shoes of the insureds for purposes of collecting direct payments from Blue Cross for the health care services rendered under the insureds' insurance policies and contracts."  (Exhibit A, ¶ 20).  Count I alleges that HCSC breached contracts with M&G by failing to pay M&G directly for services rendered by M&G pursuant to the Assignment of Benefits.  Counts II and III purport to allege claims of promissory estoppel.  Counts II and III each allege "Blue Cross's insureds have executed Assignments of Benefits forms whereby the insureds agreed to assign any payments made by Blue Cross for services provided by M&G, to M&G" and that "Blue Cross failed to process the claims, or in the alternative, process the claims and made payment directly to the patients despite the Assignments of Benefits." (Exhibit A, ¶¶ 36, 38, 53, and 55.)  Count VI purports to allege a violation of Section 155 of the Illinois Insurance Code, 215 ILCS 5/155, based on Blue Cross's alleged vexatious and unreasonable refusal to pay or delay in paying M&G's bills.

---

[1] Exhibits A through C to Plaintiff's Complaint at law contain "protected health information" within the Health Information Portability and Accountability Act ("HIPAA").  Accordingly, Exhibits A through C will be filed under seal upon entry of an appropriate order pursuant to HIPAA.

6.    To the extent that Count I includes claims based on services rendered to patients who derived their rights from an employee welfare benefit plan governed by ERISA, Count I is properly characterized as a claim to recover benefits due under the terms of an employee welfare benefit plan governed by ERISA and/or constitutes a state law claim that is completely preempted by the federal remedial scheme set forth in ERISA, 28 U.S.C. § 1132(a)(1)(B).  See *Pilot Live Person v. Dedeaux*, 481 U.S. 41, 56 (1987) ("all suits brought by beneficiaries or participants asserting improper processing of claims under ERISA-regulated plans [should] be treated as federal questions governed by Section 502(a)"); see also, *Jass v. Prudential Health Care Plan*, 88 F.3d 1482, 1487 (7th Cir. 1996) (claim for denial of benefits under employee welfare benefit plan is "completely preempted" by ERISA).    Additionally, to the extent that Counts II and III include claims based on services rendered to patients who derived their rights from an employee welfare benefit plan governed by ERISA, Counts II and III are completely preempted by ERISA.  See, *Melmedica Children's Healthcare Inc. v. Central States Joint Board Trust Fund*, 2006 U.S. Dist. LEXIS, 21638 (N.D.Ill.) (March 27, 2006).  Similarly, to the extent that Count VI is based on services rendered to patients who derived their rights from ERISA-governed plans, Count VI is completely preempted by ERISA.  See, *Buehler, Ltd. v. Home Life Insurance Company,* 722 F.Supp. 1554 (N.D.Ill. 1989).

7.    This Court has original jurisdiction over those portions of Counts I - III and VI of M&G's Complaint that are based on services rendered to ERISA beneficiaries pursuant to 28 U.C.C. § 1331, and original jurisdiction pursuant to ERISA, 29 U.S.C. § 1132(e)(1).  Removal is appropriate pursuant to 28 U.S.C. § 1441(b).

8.    HCSC was served with process on June 12, 2008 (see Service of Process transmittal form attached hereto as Exhibit B).  Accordingly, this Notice of Removal is timely.

9.    Pursuant to 28 U.S.C. 1446(a), attached hereto are copies of all process, pleadings and Orders served upon HCSC in this action:

      (a)    Plaintiff's Complaint at Law (Exhibit A);

      (b)    Summons issued by the Circuit Court of Cook County, Illinois (Exhibit C).

Dated: July 11, 2008                    HEALTH CARE SERVICE CORPORATION

By:    _____
        One of Its Attorneys

Douglass G. Hewitt, Esq.
Alison Dieterichs Alvarez, Esq.
Neal Gerber & Eisenberg LLP
Two North LaSalle Street - Suite 2200
Chicago, IL  60602
Telephone:  312-269-8481
Facsimile:  312-269-1757

## CERTIFICATE OF SERVICE

I, Douglass G. Hewitt, an attorney, certify that I caused a copy of the attached *Notice of Removal* to be served upon counsel of record listed below by having same placed in a properly-addressed postage-prepaid envelope, and having that envelop deposited in the U.S. mail at Two North LaSalle Street, Chicago, Illinois on July 11 2008, before the hour of 5:00 p.m.

Jeremy S. Goldkind
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Chicago, IL  60606

Douglass G. Hewitt

NGEDOCS: 1546757.1

08CV3944
JUDGE LEFKOW
MAGISTRATE JUDGE COX
EDA

FIRM I.D. #10535

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

M&G HEALTH ASSOCIATES, INC. a/k/a )
M&G HEALTH ASSOCIATES, S.C., an )
Illinois medical corporation, )
               Plaintiff, )
  )    No.
v. )
  )
HEALTH CARE SERVICE CORPORATION, )
a Mutual Legal Reserve Company, d/b/a BLUE )
CROSS BLUE SHIELD OF ILLINOIS, )
  )
               Defendant.

2008L005847
CALENDAR/ROOM U
TIME 00:00
Breach of Contract

## Complaint at Law

The plaintiff, M&G Health Associates, Inc. a/k/a M&G Health Associates, S.C. ("M&G"), by its attorneys, complains of the defendant, Health Care Service Corporation, d/b/a Blue Cross Blue Shield of Illinois ("Blue Cross") as follows:

## Nature of the Action

1.    Blue Cross is engaged in an organized, intentional, and unlawful scheme to unreasonably delay or deny payment of health care claims properly submitted by M&G for services it rendered to patients insured by Blue Cross's health care plans from 2002 through 2006. As redress for Blue Cross's egregious conduct in refusing to pay claims for M&G's treatment of Blue Cross's insureds, M&G seeks compensatory and punitive damages for Blue Cross's broken promises to pay M&G's claims, violations of Section 155 of the Insurance Code, 215 ILCS 5/155, accounts stated, quantum meruit, unjust enrichment and breach of contract.

## Allegations Common to All Counts

## Jurisdiction and Venue

2.    The Court has jurisdiction over this case and the parties under 735 ILCS 5/2-209(a)(1), (4), and (7) and 735 ILCS 5/2-209(b)(3) by virtue of Blue Cross's transacting business in Illinois, contracting to insure persons located in Illinois at the time of contracting, making promises substantially connected with Illinois, and being a corporation organized under the laws of Illinois.

3.    The Court is the proper venue for this action under 735 ILCS 5/2-101, 5/2-102(a), and 5/2-103(e) because M&G and Blue Cross are residents of Cook County, Illinois, Blue Cross conducts a substantial amount of business in Cook County, Illinois, and a substantial part of the events or omissions giving rise to the claims asserted in this complaint occurred in Cook County, Illinois.

## **The Parties**

4.    M&G is an Illinois medical corporation with its principal place of business in Hoffman Estates, Illinois. M&G provides out-patient surgical facilities and supplies to patients and referring doctors in need of surgical services.

5.    Blue Cross is an Illinois not-for-profit mutual legal reserve company with its principal place of business in Chicago, Illinois. It is one of the largest health insurance providers in the United States, and, consequently, exercises great market power over those providers who service patients insured under one of its many programs, including, but not limited to, HMOs, PPOs, POSs, and other Blue Choice Plans.

6.    Due to its market power, Blue Cross is able to exert demands on providers in various communities, including the ability to set reimbursement rates and the amount of "provider discounts" that Blue Cross expects in the billing of services.

7.    Additionally, Blue Cross uses its market position to exercise or not exercise certain "rights" it claims in its insurance contracts, summary plan descriptions, and subscription

certificates. It also controls the amount of benefits it pays for an insured's procedures by the use of "network providers" (those providers who contract with Blue Cross), and "out-of-network providers" (those providers who are not in a contractual relationship with Blue Cross).

8.    Blue Cross also provides its services to various health insurance plans as a "third-party administrator" ("TPA"), when it receives health insurance claims from various self-funded plans, processes those health claims, and provides a report to the various plans as to how much should be paid on each claim. Blue Cross also provides health insurance policies and language for these various plans to incorporate into their own policies, and therefore exercises certain powers over those plans.

9.    Although it wished to be a provider covered under a "provider agreement," Blue Cross would not consider any contract with M&G.  M&G therefore does not have a participating provider contract with Blue Cross and is an "out-of-network provider."

10.    Blue Cross uses provider agreements to control those individuals covered under one of its plans, or of the plans in which it is a TPA, by making it more expensive for an individual to choose coverage from an out-of-network provider. Although the insurance policies allow an insured to choose where and from whom the insured receives treatment, the amount paid or recommended to be paid by Blue Cross is reduced significantly when that individual chooses an out-of-network provider. The result of this conduct is that Blue Cross has the ability to exercise greater control over the medical services an individual chooses, it discourages insureds from using various providers that do not agree to Blue Cross's terms, and it limits the market available to out-of-network providers.

11.    Blue Cross's health insurance policies or plans provide "out-of-pocket expense limit" provisions, which may also be called "out-of-pocket maximums," "stop-gap" provisions, or similar phrases. Regardless of the exact terminology used, such provisions function essentially

the same way: to limit the total amount of out-of-pocket expense paid by an insured over a certain time period. For example, if, during a benefit period, the insured's out-of-pocket expense (the amount remaining unpaid for health care after Blue Cross has provided benefits) equals the out-of-pocket expense limit set by the insured's Blue Cross health insurance policy or plan (e.g., $1,500), Blue Cross will pay in full any additional eligible claims during that benefit period.

## COUNT I—BREACH OF CONTRACT

12.     M&G incorporates by reference the allegations in Paragraphs 1 through 11 above as though fully set forth here.

13.     M&G provided services to various patients listed in Group Exhibit A. The patients listed in Group Exhibit A were all covered under health insurance policies issued to them by Blue Cross through one of its many products and contracts or were subject to claims being administered by Blue Cross as a TPA. The services provided to the patients were services that were covered under the various health insurance policies.

14.     M&G provided services to various patients listed in Group Exhibit B. The patients listed in Group Exhibit B were all covered under health insurance policies issued to them by Blue Cross through one of its many products and contracts or were subject to claims being administered by Blue Cross as a TPA. The services provided to the patients were services that were covered under the various health insurance policies.

15.     M&G provided services to various patients listed in Group Exhibit C. The patients listed in Group Exhibit C were all covered under health insurance policies issued to them by Blue Cross through one if its many products and contracts or were subject to claims being administered by Blue Cross as a TPA. The services provided to the patients were services that were covered under the various health insurance policies. The dates of services rendered to the patients listed in Group Exhibit C precede the date of filing for this lawsuit by more than five

4

years and/or the patients listed have executed Assignment of Benefits agreements with M&G and are not otherwise included in Group Exhibits A or B.

16.     Blue Cross's insurance policies obligate Blue Cross to pay for health care services rendered to its insureds in amounts and percentages designated by the insureds' respective policies.

17.     At all times relevant to this matter, there also existed contracts between Blue Cross's insureds and M&G in the form of Assignment of Benefits agreements.

18.     Under M&G's Assignment of Benefits agreements, the insureds agreed to a "Right to Receive Payment" stating:

> I authorize and assign you, the medical provider and treating facility, M&G Health Associates Inc. and Medical Specialists Ltd. the right to receive direct payment from my attorney, insurance company or any other party who may become obligated to pay me any sums. I further authorize endorsement of my name to any draft containing my name to which you are legally entitled.

19.     The insureds executed the Assignment of Benefits agreements in exchange for valuable consideration by M&G, namely, the medical and surgical services performed for the insureds.

20.     Blue Cross's insureds listed in Group Exhibits A, B and C executed their respective Assignment of Benefits agreements with M&G, putting M&G in the shoes of the insureds for purposes of collecting direct payments from Blue Cross for the health care services rendered under the insureds' insurance policies and contracts.

21.     The UB-92 forms that M&G submitted to Blue Cross put Blue Cross on actual notice that their insureds had executed Assignment of Benefits agreements with M&G.

22.     M&G fully and completely performed medical and surgical services for Blue Cross's insureds that were covered under the insureds' health insurance policies.

23.     Blue Cross breached its contracts with M&G by failing to pay M&G directly for the services rendered by M&G, under the Assignment of Benefits agreements for which Blue Cross had or should have had knowledge.

24.     As a direct and proximate cause of Blue Cross's breach of contract, M&G has suffered damages in an amount in excess of the Court's jurisdictional minimum.

WHEREFORE, the plaintiff, M&G Health Associates, Inc. a/k/a M&G Health Associates, S.C., respectfully requests that the Court enter judgment in its favor and against the defendant, Health Care Service Corporation, a Mutual Legal Reserve Company, d/b/a Blue Cross Blue Shield of Illinois, in an amount in excess of the Court's jurisdictional minimum for the following:

a.     compensatory damages for the plaintiff's unpaid claims, plus interest on the unpaid amount at a rate of 9% per annum in accordance with 215 ILCS 5/368a(c);

b.     compensatory damages for the uncollectible deductible and coinsurance amounts, plus interest; and

c.     any other relief the Court deems just and proper.

## COUNT II—PROMISSORY ESTOPPEL FOR CLAIMS IN GROUP EXHIBIT A

25.     M&G's Count II is pled in the alternative to its count for breach of express contract (Count I) and shall apply should the Court determine that no valid express contract exists between M&G and Blue Cross.

26.     M&G provided services to various patients listed in Group Exhibit A. The patients listed in Group Exhibit A were all covered under health insurance policies issued to them by Blue Cross through one of its many products and contracts or were subject to claims being administered by Blue Cross as a TPA. The services provided to the patients were services that were covered under the various health insurance policies.

27.    Before providing medical treatment to the patients listed in Group Exhibit A, representatives from M&G called Blue Cross to verify the insurance coverage available to each of the patients who were covered under various Blue Cross policies or policies in which Blue Cross was a TPA.

28.    When M&G called to confirm coverage for Blue Cross's insureds, Blue Cross, through its agents, always represented that the individuals were covered for services to be rendered at M&G, without disclosing any limitations on coverage.

29.    When M&G called to confirm coverage for Blue Cross's insureds, Blue Cross, through its agents, always stated the specific amount of benefits available for the services to be rendered at M&G.

30.    When M&G called to confirm coverage for Blue Cross's insureds, Blue Cross, through its agents, also stated the specific amount of out-of-pocket expense maximums for the insureds to be treated at M&G.

31.    M&G did not have access to any of the various health insurance policies that covered the patients, and therefore had to rely upon the information provided by Blue Cross agents to determine the manner in which M&G would be reimbursed for the medical services it was providing.

32.    At the time Blue Cross received the calls from M&G concerning the coverage questions, Blue Cross knew or should have known the benefits available for its insureds and any limitations upon that coverage.

33.    Blue Cross knew that M&G would rely upon the information provided in deciding whether to provide services to the patients covered under various health insurance policies from Blue Cross.

34.    M&G did in fact reasonably rely on the statements by Blue Cross's agents and provided surgical services to Blue Cross's insureds without making alternative payment provisions with the patients.

35.    After providing services to the patients, M&G submitted a proper claim to Blue Cross for payment of benefits under the health insurance contracts of the patients.

36.    Blue Cross's insureds have executed Assignment of Benefits forms whereby the insureds agreed to assign any payments made by Blue Cross for services provided by M&G, to M&G.

37.    Blue Cross had knowledge of these assignments of benefits by virtue of the UB-92 forms provided to it by M&G.

38.    Blue Cross has failed to process the claims, or in the alternative, processed the claims and made payment directly to the patients despite the assignment of benefits.

39.    By failing to process the claims, Blue Cross has acted contrary to the representations its agents made to M&G.

40.    Blue Cross is estopped to act contrary to the statements its agents made to M&G confirming the insurance coverage regarding the specific amounts of benefits available and the specific amount of out-of-pocket maximums, and while omitting, to the extent there were any limitations on coverage and payment, any reference to such limitations that Blue Cross knew about when it quoted benefits.

41.    Group Exhibit A lists claims where Blue Cross promised M&G that its services were covered and stated the specific amount of benefits available for the services rendered at M&G.

42.    As a result of M&G's reliance on Blue Cross's misrepresentations, M&G has been damaged in an amount in excess of the jurisdictional minimum and no less than $267,872.27 for claims involving the Blue Cross insureds listed in Group Exhibit A.

43.    As a result of M&G's reliance on Blue Cross's misrepresentations, M&G may have been damaged in an additional amount, depending on the applicable out-of-pocket expense limits for the Blue Cross insureds listed in Group Exhibit A.

WHEREFORE, the plaintiff, M&G Health Associates, Inc. a/k/a M&G Health Associates, S.C., respectfully requests that the Court enter judgment in its favor and against the defendant, Health Care Service Corporation, a Mutual Legal Reserve Company, d/b/a Blue Cross Blue Shield of Illinois, in an amount in excess of the Court's jurisdictional minimum for the following:

a.    compensatory damages for the plaintiff's unpaid claims, plus interest on the unpaid amount at a rate of 9% per annum in accordance with 215 ILCS 5/368a(c);

b.    compensatory damages for the uncollectible deductible and coinsurance amounts, plus interest; and

c.    any other relief the Court deems just and proper.

## COUNT III—PROMISSORY ESTOPPEL FOR CLAIMS IN GROUP EXHIBIT B

44.    M&G's Count III is pled in the alternative to its count for breach of express contract (Count I) and shall apply should the Court determine that no valid express contract exists between M&G and Blue Cross.

45.    M&G provided services to various patients listed in Group Exhibit B. The patients listed in Group Exhibit B were all covered under health insurance policies issued to them by Blue Cross through one of its many products and contracts or were subject to claims

being administered by Blue Cross as a TPA. The services provided to the patients were services that were covered under the various health insurance policies.

46.    Before providing medical treatment to the patients listed in Group Exhibit B, representatives from M&G called Blue Cross to verify the insurance coverage available to each of the patients who were covered under various Blue Cross policies or policies in which Blue Cross was a TPA.

47.    When M&G called to confirm coverage for Blue Cross's insureds, Blue Cross, through its agents, always represented that the individuals were covered for services to be rendered at M&G, without disclosing any limitations on coverage.

48.    M&G did not have access to any of the various health insurance policies that covered the patients, and therefore had to rely upon the information provided by Blue Cross agents to determine the manner in which M&G would be reimbursed for the medical services it was providing.

49.    At the time Blue Cross received the calls from M&G concerning the coverage questions, Blue Cross knew or should have known the benefits available for its insureds and any limitations upon that coverage.

50.    Blue Cross knew that M&G would rely upon the information provided in deciding whether to provide services to the patients covered under various health insurance policies from Blue Cross.

51.    M&G did in fact reasonably rely on the statements by Blue Cross's agents and provided surgical services to Blue Cross insureds without making alternative payment provisions with the patients.

52.    After providing services to the patients, M&G submitted a proper claim to Blue Cross for payment of benefits under the health insurance contracts of the patients.

53.    Blue Cross's insureds have executed Assignment of Benefits forms whereby the insureds agreed to assign any payments made by Blue Cross for services provided by M&G, to M&G.

54.    Blue Cross had knowledge of these assignments of benefits by virtue of the UB-92 forms provided to it by M&G.

55.    Blue Cross has failed to process the claims, or in the alternative, processed the claims and made payment directly to the patients despite the assignment of benefits.

56.    By failing to process the claims, Blue Cross has acted contrary to the representations its agents made to M&G.

57.    Blue Cross is estopped to act contrary to the statements its agents made to M&G confirming the insurance coverage, and while omitting, to the extent there were any limitations on coverage and payment, any reference to such limitations that Blue Cross knew about when it quoted the coverage available.

58.    Group Exhibit B lists claims where Blue Cross promised M&G that its services were covered.

59.    As a result of M&G's reliance on Blue Cross's misrepresentations, M&G has been damaged in an amount in excess of the jurisdictional minimum and no less than $343,327.00 for claims involving the Blue Cross insureds listed in Group Exhibit B.

60.    As a result of M&G's reliance on Blue Cross's misrepresentations, M&G may have been damaged in an additional amount, depending on the applicable out-of-pocket expense limits for the Blue Cross insureds listed in Group Exhibit B.

WHEREFORE, the plaintiff, M&G Health Associates, Inc. a/k/a M&G Health Associates, S.C., respectfully requests that the Court enter judgment in its favor and against the defendant, Health Care Service Corporation, a Mutual Legal Reserve Company, d/b/a Blue Cross

11

Blue Shield of Illinois, in an amount in excess of the Court's jurisdictional minimum for the following:

a.    compensatory damages for the plaintiff's unpaid claims, plus interest on the unpaid amount at a rate of 9% per annum in accordance with 215 ILCS 5/368a(c);

b.    compensatory damages for the uncollectible deductible and coinsurance amounts, plus interest; and

c.    any other relief the Court deems just and proper.

## COUNT IV- UNJUST ENRICHMENT

61.    M&G's Count IV is pled in the alternative to its count for breach of express contract (Count I) and shall apply should the Court determine that no valid express contract exists between M&G and Blue Cross.

62.    M&G provided services to various patients who were all covered under health insurance policies issued by Blue Cross through one of its many products and contracts or were subject to claims being administered by Blue Cross as a TPA.

63.    The services provided to the patients were services that were covered under the various health insurance policies.

64.    Blue Cross's insureds pay significant premiums to Blue Cross for insurance policies so that they can obtain health care services such as those that were provided by M&G.

65.    Blue Cross retains benefits from the significant premiums that it receives from its insureds.

66.    Instead of applying the premiums received from its insureds to pay M&G for services rendered to its insureds, Blue Cross unjustly retained the premiums.

67.    Blue Cross's retention of its insureds' premiums is detrimental to M&G, who provided services to Blue Cross insureds but was never paid for the services rendered.

68.    No contract between M&G and Blue Cross prescribed payment of services rendered by M&G for the benefit of Blue Cross.

69.    Blue Cross's receipt of benefits without payment to M&G violates fundamental principles of justice, equity, and good conscience.

70.    Blue Cross has been unjustly enriched by its retention of premiums from its insureds without paying M&G for the services it provided to Blue Cross insureds.

71.    As a direct and proximate cause of Blue Cross's wrongdoing, M&G has suffered damages in an amount in excess of the Court's jurisdictional minimum, and no less than the amounts set forth in Group Exhibits A through C.

WHEREFORE, the plaintiff, M&G Health Associates, Inc. a/k/a M&G Health Associates, S.C, respectfully requests that the Court enter judgment in its favor and against the defendant, Health Care Service Corporation, a Mutual Legal Reserve Company, d/b/a Blue Cross Blue Shield of Illinois, in an amount in excess of the Court's jurisdictional minimum for the following:

    a.    imposition of a constructive trust for the benefit of M&G in the amount of plaintiff's unpaid claims, plus interest on the unpaid amount at a rate of 9% per annum in accordance with 215 ILCS 5/368a(c);

    b.    compensatory damages for the uncollectible deductible and coinsurance amounts, plus interest; and

    c.    any other relief the Court deems just and proper.

## COUNT V- QUANTUM MERUIT

72.    M&G's Count V is pled in the alternative to its count for breach of express contract (Count I) and shall apply should the Court determine that no valid express contract exists between M&G and Blue Cross.

73.    M&G provided services to various patients who were all covered under health insurance policies issued by Blue Cross through one of its many products and contracts or were subject to claims being administered by Blue Cross as a TPA.

74.    The services provided to the patients were services that were covered under the various health insurance policies.

75.    Blue Cross's insureds pay significant premiums to Blue Cross for insurance policies so that they can obtain health care services such as those that were provided by M&G.

76.    Blue Cross benefits from services rendered by M&G to its insureds in the form of the significant premiums that it receives from its insureds.

77.    M&G performed the health care services for Blue Cross's insureds nongratuitously, with an expectation of payment based on representations made by Blue Cross agents.

78.    Blue Cross and its insureds accepted the services rendered by M&G.

79.    No contract between M&G and Blue Cross prescribed payment of services rendered by M&G for the benefit of Blue Cross.

80.    The reasonable value of the services rendered to Blue Cross and its insureds are reflected on the UB-92 forms that were provided to Blue Cross.

81.    Blue Cross has unjustly retained payments and premiums received from its insureds without paying M&G for the reasonable value of services rendered to its insureds.

82.    As a direct and proximate result of its wrongdoing, M&G has been damaged in the amount of the reasonable value of services that M&G provided to Blue Cross's insureds listed in Group Exhibits A though C.

WHEREFORE, the plaintiff, M&G Health Associates, Inc. a/k/a M&G Health Associates S.C., respectfully requests that the Court enter judgment in its favor and against the defendant,

14

Health Care Service Corporation, a Mutual Legal Reserve Company, d/b/a Blue Cross Blue Shield of Illinois, in an amount in excess of the Court's jurisdictional minimum for the following:

     a.    compensatory damages for the plaintiff's unpaid claims, plus interest on the unpaid amount at a rate of 9% per annum in accordance with 215 ILCS 5/368a(c);

     b.    compensatory damages for the uncollectible deductible and coinsurance amounts, plus interest; and

     c.    any other relief the Court deems just and proper.

## COUNT VI- VIOLATION OF SECTION 155 OF THE INSURANCE CODE

83.    M&G incorporates by reference the allegations in Paragraphs 1 through 82 above as though fully set forth herein.

84.    There was in full force and effect in Illinois throughout the time in question a statute that read, in part:

    (1)    In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss, payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorneys fees, other costs, plus an amount not to exceed any one of the following amounts:

        (a)    60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

        (b)    $60,000;

        (c)    the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILCS 5/155.

85.     Blue Cross's systematic delay and decision to withhold payment of claims and otherwise refusing to pay and delaying in paying M&G's bills, has been and continues to be vexatious and unreasonable.

86.     As a direct and proximate result of Blue Cross's vexatious and unreasonable refusal to pay or delay in paying M&G's bills, M&G is entitled to, in addition to its actual damages, an award of its costs and attorneys' fees and an award of up to $60,000 for each claim where Blue Cross's refusal to pay or delay in paying M&G is found to be vexatious and unreasonable.

WHEREFORE, the plaintiff, M&G Health Associates, Inc. a/k/a M&G Health Associates, S.C., respectfully requests that the Court enter judgment in its favor and against the defendant, Health Care Service Corporation, a Mutual Legal Reserve Company, d/b/a Blue Cross Blue Shield of Illinois, in an amount in excess of the Court's jurisdictional minimum for the following:

(a)     compensatory damages for the plaintiff's unpaid claims plus interest on the unpaid amount at a rate of 9% percent per annum in accordance with 215 ILCS 5/368a(c);

(b)     compensatory damages for the uncollectible deductible and coinsurance amounts plus interest;

(c)     compensatory damages for interest on any to-be-collected deductible and coinsurance amounts;

(d)     the plaintiff's costs and attorneys' fees;

(e)     plus up to $60,000 for each claim that the defendant's conduct violated; and

(f)     such other relief as the Court deems appropriate.

## COUNT VII- ACCOUNT STATED

87.    M&G incorporates by reference the allegations in Paragraphs 1 through 86 above as though fully set forth here.

88.    M&G provided services to various patients who were all covered under health insurance policies issued by Blue Cross through one of its many products and contracts or were subject to claims being administered by Blue Cross as a TPA. The services provided to the patients were services that were covered under the various health insurance policies.

89.    M&G would call Blue Cross to confirm coverage for services rendered to Blue Cross's insureds before rendering services to those insureds.

90.    When M&G called to confirm coverage for Blue Cross's insureds, Blue Cross, through its agents, always represented that the individuals were covered for services to be rendered at M&G, without disclosing any limitations on coverage.

91.    Based upon these representations and promises of payment for services to be rendered to Blue Cross's insureds, M&G performed services for Blue Cross's insureds.

92.    After providing services to Blue Cross's insureds, M&G submitted proper claims to Blue Cross for payment of benefits under the health insurance contracts of the patients.

93.    M&G generated and mailed UB-92 forms to Blue Cross for the cost of services to the Blue Cross insureds, on or around the dates set forth on the forms. The cost of services reflected on the UB-92 forms are set forth in Exhibits A through C to this Complaint under the columns titled "amount billed." The UB-92 forms that M&G submitted to Blue Cross also put Blue Cross on actual notice that their insureds had executed Assignment of Benefits agreements with M&G.

17

94.    Blue Cross has had the UB-92 forms beyond a reasonable time and has not disputed, in any subsequent correspondence, the services rendered by M&G or the amount owed by Blue Cross for the services.

95.    Blue Cross's failure to dispute any of the services rendered by M&G or the amount owed by Blue Cross for the services indicated on the UB-92 forms demonstrates Blue Cross's acquiescence to M&G's statements of account.

96.    M&G has repeatedly demanded payment from Blue Cross for the amounts billed in the UB-92 forms that M&G sent to Blue Cross.

97.    Despite M&G's repeated demands for payment, Blue Cross has not paid M&G for the amounts reflected on the UB-92 forms.

WHEREFORE, the plaintiff, M&G Health Associates, Inc. a/k/a M&G Health Associates, S.C., respectfully requests that this Court enter judgment in its favor and against the defendant, Health Care Service Corporation, a Mutual Legal Reserve Company, d/b/a Blue Cross Blue Shield of Illinois, in an amount in excess of the Court's jurisdictional minimum for the following:

(a)    compensatory damages for the plaintiff's unpaid bills as reflected in Exhibits A, B and C under "amounts billed" plus interest on the unpaid amount at a rate of 9% percent per annum in accordance with 215 ILCS 5/368a(c);

(b)    compensatory damages for the uncollectible deductible and coinsurance amounts, plus interest; and

(c)    such other relief as the Court deems appropriate.

Dated: May 28, 2008

**M&G HEALTH ASSOCIATES, INC. a/k/a M&G HEALTH ASSOCIATES, S.C.**

By: _____
    One of Its Attorneys

Douglas L. Prochnow
John A. Roberts
Jeremy S. Goldkind
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, IL 60606
(312) 201-2000
Firm I.D. #10535

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| **M&G HEALTH ASSOCIATES, INC. a/k/a M&G**<br>**HEALTH ASSOCIATES, S.C., an Illinois medical**<br>**corporation,** | ) <br> ) <br> ) |
| | ) |
| **Plaintiff,** | ) |
| | )    **No.** |
| **vs.** | ) |
| | ) |
| **HEALTH CARE SERVICE CORPORATION, a** | ) |
| **Mutual Legal Reserve Company, d/b/a BLUE** | ) |
| **CROSS BLUE SHIELD OF ILLINOIS** | ) |
| | ) |
| **Defendant.** | )    **JURY DEMAND** |

### SUPREME COURT RULE 222 AFFIDAVIT

The undersigned, Jeremy S. Goldkind, having been duly sworn on oath, deposes and states that as of this date the total money damages sought in the above-captioned matter exceeds FIFTY THOUSAND DOLLARS ($50,000.00).

Wildman, Harrold, Allen & Dixon LLP

One of Plaintiff's Attorneys

SUBSCRIBED and SWORN to before me
this 28th day of May, 2008.

Notary Public

*"OFFICIAL SEAL"*
**SUSAN L. MINNEC**
Notary Public, State of Illinois
My Commission Expires April 15, 2009

Douglas Prochnow
John A. Roberts
Jeremy S. Goldkind
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Chicago, Illinois 60606-1229
312-201-2000

JUDGE LEFKOW

MAGISTRATE JUDGE COX

**CT** CORPORATION          EDA          **Service of Process**
A WoltersKluwer Company                              **Transmittal**
                                                     06/12/2008
                                                     CT Log Number 513522067

**TO:**      Tom Lubben
            Health Care Service Corporation
            300 E. Randolph Drive, Suite 2800
            Chicago, IL 60601

**RE:**      **Process Served in Illinois**

**FOR:**     Health Care Service Corporation Illinois State PAC, NFP (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | M&G Health Associates, Inc., etc., etc., Pltf. vs. Health Care Service Corporation, etc., Dft. Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Summons (2 sets), Complaint, Exhibits, Affidavit |
| **COURT/AGENCY:** | Cook County Circuit Court - Cook County Department - Law Division, IL Case # 2008L005817 |
| **NATURE OF ACTION:** | Insurance Litigation - Breach of Contract - Unjust Enrichment - Plaintiff Alleges Health Care Claims Properly Submitted to Defendant are Being Delayed or Denied Payment Intentionally |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/12/2008 at 10:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Jeremy S. Goldkind Wildman, Harrold, Allen & Dixon LLP 225 West Wacker Drive Chicago, IL 60606 312-201-2000 |
| **REMARKS:** | Even though the documents show company as Health Care Service Corporation, the records of the Illinois Secretary of State shows only one company registered beginning with the above named. Process taken for Health Care Service Corporation Illinois State PAC, NFP |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 798960307001 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tawana Carter |
| **ADDRESS:** | 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

08CV3944

| | | JUDGE LEFKOW |
|---|---|---|
| 2120 – Served | 2121 – Served | |
| 2220 – Not Served | 2221 – Not Served | MAGISTRATE JUDGE COX |
| 2320 – Served By Mail | 2321 – Served By Mail | EDA |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| SUMMONS | ALIAS – SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

**(Name all parties)**
M&G Health Associates, Inc., a/k/a M&G Health Associates, S.C., an Illinois medical corporation

v.

Health Care Service Corporation, a Mutual Legal Reserve Company, d/b/a Blue Cross Blue Shield of Illinois

No. _____

2008L005817
CALENDAR/ROOM U
TIME 00:00
Breach of Contract

Please serve defendant at:
Health Care Service Corporation, d/b/a
Blue Cross Blue Shield of Illinois
c/o CT Corporation System,
registered agent
208 South LaSalle Street, Suite 814
Chicago, IL 60604

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☒ **Richard J. Daley Center, 50 W. Washington, Room** ____801____ **, Chicago, Illinois 60602**

❑ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

❑ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

❑ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

❑ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

❑ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

❑ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

MAY 2 8 2008

| | WITNESS, _____ , _____ |
|---|---|
| Atty. No.: _10535_ | |
| Name: Wildman, Harrold, Allen & Dixon LLP | _____ |
| Atty. for: Plaintiff | Clerk of Court |
| Address: 225 West Wacker Drive | Date of service: _____ |
| City/State/Zip: Chicago, IL 60606 | (To be inserted by officer on copy left with defendant or other person) |
| Telephone: 312-201-2000 | |

Service by Facsimile Transmission will be accepted at: ____312-201-2555____

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 (          ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, ___LAW___ DIVISION

(Name all parties)
M&G Health Associates, Inc., a/k/a M&G Health Associates,
S.C., an Illinois medical corporation

v.

Health Care Service Corporation, a Mutual Legal Reserve
Company, d/b/a Blue Cross Blue Shield of Illinois

2008L005817
CALENDAR/ROOM U
TIME 00:00
No. _____ Breach of Contract

Please serve defenant at:
Health Care Service Corporation, d/b/a
Blue Cross Blue Shield of Illinois
c/o CT Corporation System,
registered agent
208 South LaSalle Street, Suite 814
Chicago, IL 60604

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room ___801___, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

MAY 28 2008

Atty. No.: _10535_

Name: _Wildman, Harrold, Allen & Dixon LLP_

Atty. for: _Plaintiff_

Address: _225 West Wacker Drive_

City/State/Zip: _Chicago, IL  60606_

Telephone: _312-201-2000_

Service by Facsimile Transmission will be accepted at: _____312-201-2555_____

WITNESS, _____,

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant
or other person)

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**