IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| M&G Health Associates, Inc. a/k/a M&G Health Associates, S.C., an Illinois medical corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 08 C 3944 |
| Health Care Service Corporation, a Mutual Legal Reserve Company, d/b/a Blue Cross Blue Shield of Illinois, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## Plaintiff's Motion for Remand

The plaintiff, M&G Health Associates, Inc. ("M&G"), by its attorneys and pursuant to 28 U.S.C. § 1447(c), moves the Court for remand of this matter to the Circuit Court of Cook County, Illinois, and an order that the defendant, Health Care Service Corporation ("Blue Cross"), pay M&G's costs and attorney's fees incurred as a result of the removal. In support of this motion, M&G states:

## Introduction

This seven-count action seeks damages for Blue Cross's failure to pay hundreds of thousands of dollars' worth of unpaid claims for medical services M&G provided to insureds. It must be remanded because the notice of removal fails to adequately allege or establish that the Court has subject-matter jurisdiction. First, Blue Cross does not contend that the Court has jurisdiction over the *entire* action. It merely alleges that the Court has original jurisdiction over portions of Counts I, II, III, and VI because those counts could include claims that would be

completely preempted by ERISA.[1] Blue Cross has not alleged that the Court has jurisdiction over Counts IV, V, and VII and portions of the other counts. Because the removal statute Blue Cross invokes does not authorize removal where the Court has original jurisdiction over only part of a case, remand is required.

Furthermore, Blue Cross has not sufficiently alleged or established that ERISA completely preempts portions of Counts I, II, III, and VI. Neither the complaint nor the notice of removal alleges that an ERISA plan is even related to the claims at issue in this litigation. At best, the notice of removal merely speculates that *if* these counts include claims for services to patients insured under an ERISA plan, ERISA completely preempts those counts. Blue Cross also fails to allege or establish the remaining facts necessary for complete preemption.

Additionally, the notice of removal is procedurally defective. Blue Cross was required to attach a copy of the complete complaint to the notice of removal, yet it admits omitting the part of the complaint that has the information on which it bases removal. Its excuse for omitting this necessary information is not supported by the facts or authority, so remand is proper on procedural grounds as well.

Given so many basic deficiencies, removal was objectively unreasonable. Under 28 U.S.C. § 1447(c), M&G should therefore be awarded its costs and fees incurred as a result of removal.

### Statement of Facts

M&G's complaint alleges seven counts against Blue Cross for its refusal to pay M&G for hundreds of thousands of dollars' worth of services M&G provided to patients insured under health insurance policies. (Ex. A of Doc. 1.) The complaint does not allege that the patients were

---

[1] The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*

insured under ERISA plans. (*Id.*) Indeed, M&G does not have access to the plans. (*Id.* ¶ 31.) Blue Cross, however, as an insurer or claims administrator, would have them. (*Id.* ¶¶ 5, 8.)

Blue Cross removed this action solely under 28 U.S.C. § 1441(b), asserting the Court has federal-question jurisdiction over the entire seven-count action because portions of *just* Counts I, II, III, and VI are completely preempted by ERISA. (Doc. 1 ¶¶ 6–7). The notice of removal does not allege any basis for subject-matter jurisdiction over Counts IV, V, or VII or the remaining portions of Counts I, II, III, and VI. (Doc. 1.)

Count I alleges that Blue Cross breached assignment agreements that insureds executed to allow M&G to collect payment for its services directly from Blue Cross. (Ex. A ¶¶ 12–24 of Doc. 1.) The notice of removal does not actually allege that an ERISA plan underlies any of the claims in Count I. (Doc. 1 ¶ 6.) Instead, it hypothesizes that "*[t]o the extent that* Count I includes claims based on services rendered to patients who derived their rights from an employee welfare benefit plan governed by ERISA, Count I . . . is completely preempted by . . . ERISA . . . ." (*Id.* (emphasis added).)

Counts II and III allege promissory estoppel claims against Blue Cross based on its representations to M&G about the coverage and/or the amount Blue Cross would pay M&G directly for services rendered. (Ex. A ¶¶ 25–60 of Doc. 1.) Again, Blue Cross has not actually alleged that any ERISA plans underlie any of the claims in those counts or identify any such ERISA plans: "*to the extent that* Counts II and III include claims based on services rendered to patients who derived their rights from an employee welfare benefit plan governed by ERISA, Counts II and III are completely preempted by ERISA." (Doc. 1 ¶ 6 (emphasis added).)

Count VI alleges that Blue Cross violated section 155 of the Illinois Insurance Code, 215 ILCS 5/155, by vexatiously and unreasonably failing to pay the claims. (Ex. A ¶¶ 83–86 of Doc.

1.) Blue Cross also does not allege that any ERISA plans underlie any of the claims in Count VI or identify any such ERISA plans: "*to the extent that* Count VI is based on services rendered to patients who derived their rights from an employee welfare benefit plan governed by ERISA, Count VI is completely preempted by ERISA." (Doc. 1 ¶ 6 (emphasis added).)

## Standard for Removal

A civil action filed in state court may be removed to federal court if the district court has original jurisdiction over it. 28 U.S.C. § 1441(a). Courts have an independent duty to review allegations of federal jurisdiction. *Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *Market St. Assocs. Ltd. P'ship v. Frey*, 941 F.2d 588, 590 (7th Cir. 1991) (court has duty to "police" limits of jurisdiction with "meticulous care"). The Court should "interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Any doubts are resolved in favor of remand. *Id.*; *Vivas v. The Boeing Co.*, 486 F. Supp. 2d 726, 729 (N.D. Ill. 2007).

Allegations of federal jurisdiction must rise above the speculative level. *See, e.g.*, *Schaefer v. Nash*, 149 F.R.D. 583, 584 (N.D. Ill. 1993) (jurisdiction cannot be based on "surmise or guesswork"). The proponent of federal jurisdiction must establish contested allegations of federal jurisdiction with competent proof beyond a preponderance of the evidence. *Condes v. State Farm Mut. Auto. Ins. Co.*, No. 06 C 4607, 2007 WL 317037, at *2 (N.D. Ill. Jan. 24, 2007) (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540–41, 543 (7th Cir. 2006)). "If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and

4

actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §
1447(c).

## Argument

**I.      Remand is required because Blue Cross has not alleged that the Court has
subject-matter jurisdiction over the entire civil action.**

Even if Blue Cross were correct that the Court had jurisdiction over portions of four

counts, it has failed to identify the basis for jurisdiction over the remaining counts (and portions

of counts). Because Blue Cross has not alleged that the Court has jurisdiction over the entire civil

action, it must be remanded.

Blue Cross cites 28 U.S.C. § 1441(b) as the only basis for the Court's jurisdiction. (Doc.

1 ¶ 7.) Section 1441(b) provides, "Any *civil action* of which the district courts have original

jurisdiction founded on a [federal question] . . . shall be removable . . . ." (emphasis added.) The

term "civil action" means a civil lawsuit. *See Blackburn v. Sundstrand Corp.*, 115 F.3d 493, 494

(7th Cir. 1997) ("The 'civil action' [removed under § 1441(b)] was the tort suit . . . ."); Fed. R.

Civ. P. 2 ("There is one form of action—the civil action."); Black's Law Dictionary 6th ed.

("civil action" means "all types of actions other than criminal proceedings," and "civil suit"

means "civil action"). Thus, § 1441(b) is an all-or-nothing provision—it authorizes only removal

of entire lawsuits, not merely parts of lawsuits. *See, e.g., Clark Constr. Group, Inc. v. Hellmuth,*

*Obata & Kassabaum, Inc.*, 286 F. Supp. 2d 1348, 1351–52 (M.D. Fla. 2003) (because negligence

and indemnity claims are parts of single civil action and notice of removal purports to remove

only one claim, Court lacks subject-matter jurisdiction, i.e., defendant's "attempt[] . . . to remove

less than a whole civil action . . . . must fail").

Here, the notice of removal is fatally flawed because it fails to identify, much less

establish, any basis for subject-matter jurisdiction over Counts IV, V, and VII and the remaining

portions of Counts I, II, III, and IV. (Doc. 1.) Nor does it identify any authority for the proposition that removal of an entire suit is proper where the defendant alleges that there is subject-matter jurisdiction over less than all of the suit. (*Id.* ¶ 7.)

Because § 1441(b) does not permit Blue Cross to remove merely a portion of the lawsuit, the Court lacks subject-matter jurisdiction over this action and must remand it. In fact, because Blue Cross has not even *alleged* that the Court has jurisdiction over the entire action, the Court could have remanded sua sponte under its duty to review all allegations of jurisdiction. *Wis. Knife Works*, 781 F.2d at 1282; *Market St. Assocs.*, 941 F.2d at 590; *Cox v. Strauch*, No. 07-680-GPM, 2007 WL 2915593, at *1, 5 (S.D. Ill. Oct. 5, 2007).

**II.    Remand is required because Blue Cross has not sufficiently alleged and established complete preemption by ERISA.**

Blue Cross invoked removal jurisdiction solely under § 1441(b), which provides for removal of a civil action over which the Court has federal-question jurisdiction. 28 U.S.C. § 1441(b). Under the well-pleaded complaint rule, federal-question jurisdiction does not lie if an issue of federal law is not presented on the face of the complaint. *See, e.g., Hart v. Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan*, 360 F.3d 674, 678 (7th Cir. 2004). There is no dispute that on its face M&G's complaint alleges only state-law claims. (Doc. 1 ¶ 5.)

Blue Cross, however, purports to allege an exception to the well-pleaded complaint rule known as the doctrine of complete preemption. (Doc. 1 ¶ 6.) Under this doctrine, if Congress has "completely preempted" a certain area of state law, such a state-law claim may be recharacterized as federal in nature and therefore provide a basis for federal subject-matter jurisdiction. *Hart*, 360 F.3d at 678. ERISA "completely preempts" all state-law claims falling

within the scope § 502(a) of ERISA, 29 U.S.C. § 1332(a), which is ERISA's civil enforcement provision. *Id.* at 678–79.[2]

Blue Cross alleges that portions of Counts I, II, III, and VI fall within ERISA § 502(a)(1)(B) because it asserts that M&G is an ERISA "beneficiary" suing "to recover benefits due to [it] under the terms of [an ERISA] plan." (Doc. 1 ¶ 6); 29 U.S.C. § 1332(a)(1)(B). A state-law claim falls within the scope of ERISA § 502(a)(1)(B) if two conditions are met. *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, No. 07-3456, at *3–4 (7th Cir. July 31, 2008) (attached as Exhibit A) (applying test from *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)). First, the plaintiff, "could have brought his claim under ERISA § 502(a)(1)(B)." *Id.* at *4 (quoting *Davila*, 542 U.S. at 210). Second, "there is no other independent legal duty that is implicated by the defendant's actions." *Id.* at *4 (quoting *Davila*, 542 U.S. at 210).[3]

This action should be remanded because Blue Cross has not sufficiently alleged the facts necessary to establish complete preemption by ERISA and cannot establish it beyond a preponderance of the evidence.

---

[2] Complete preemption is different from "conflict" preemption. Conflict preemption is based on § 514(a) of ERISA and provides a defense to a state-law action. *Speciale v. Seybold*, 147 F.3d 612, 615 (7th Cir. 1998). Conflict preemption is not a basis for federal jurisdiction. *Id.* With the exception of *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996), Blue Cross has cited only conflict-preemption cases.

[3] Even after *Davila*, courts within the Seventh Circuit applied the three-step test from *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482 (7th Cir. 1996). *See, e.g., Badal v. Hinsdale Mem. Hosp.*, No. 06 C 7164, 2007 WL 1424205, at *5 (N.D. Ill. May 8, 2007). The Seventh Circuit recently found, however, that the *Jass* test was "displaced" by *Davila. Franciscan Skemp*, No. 07-3456, at *4 n.1. In any event, the notice of removal did not contain allegations addressing all the requirements of either the *Jass* or *Davila* test. (Doc. 1.)

### A.　　There is no allegation or evidence of an ERISA plan.

The allegation of complete preemption by ERISA fails at the first step in the analysis because there has been no allegation or evidence that an ERISA plan underlies any of the claims at issue in those counts. (*Id.*)

ERISA applies only to plans meeting the definitional requirements of ERISA. *See, e.g.*, *Katyal v. Procon*, No. 85 C 10731, 1988 WL 10724, at *4 (N.D. Ill. Feb. 8, 1988). Not every health benefit plan is necessarily an ERISA plan, and a party invoking ERISA must prove that the relevant plans are ERISA plans. *See* 29 U.S.C. §§ 1002(1), 1003(b)(1); 29 C.F.R. § 2510.3-1(j); *Midwest. Regional Med. Center, Inc. v. Zweibach*, No. 01 C 0902, 2001 WL 664403, at *2–3 (N.D. Ill. June 13, 2001) (denying dismissal because copy of plan not produced and Court could not determine whether plan was ERISA plan); *Ellington v. Met. Life Ins. Co.*, 696 F. Supp. 1237, 1238–40 (S.D. Ind. 1988) (denying summary judgment because defendant did not submit plan or otherwise establish plan was ERISA plan); *cf. Simac v. Health Alliance Med. Plans, Inc.*, 961 F. Supp. 216, 217–18, 220 (C.D. Ill. 1997) (remanding for lack of subject-matter jurisdiction because ERISA not applicable to plan); *Baucom v. Pilot Life Ins. Co.*, 674 F. Supp. 1175, 1177–78, 1181 (M.D.N.C. 1987) (remanding because defendant did not prove that plan met ERISA's definitional limitations and noting "there are various groups, many of which establish group insurance or welfare plans not covered by ERISA").

M&G has not alleged that its claims against Blue Cross are for services rendered to patients insured under an ERISA plan. (Ex. A of Doc. 1.) Importantly, neither has Blue Cross. Instead, it merely speculates that an ERISA plan *might* underlie some of the claims. It alleges only that, "to the extent that," (i.e., if) certain claims are based on services rendered to patients insured under ERISA, they are completely preempted by ERISA. (Doc. 1 ¶ 6.) This is not an affirmative allegation that an ERISA plan underlies any claim.

Federal jurisdiction, however, cannot be based on speculation, "surmise or guesswork (however probable) . . . ." *Schaefer*, 149 F.R.D. at 584 (proponent of federal jurisdiction must set out "express affirmative allegations" establishing subject-matter jurisdiction). "[A] removal based on the existence of a federal question must allege all facts essential to the existence of that federal question. The existence of a federal question cannot be left to mere speculation." *Cox*, 2007 WL 2915593, at *5 (internal quotations and citations omitted). Because Blue Cross has not even affirmatively alleged that an ERISA plan underlies any of the claims, it has not sufficiently alleged complete preemption by ERISA.[4] Consequently, its assertion of subject-matter jurisdiction fails.

**B.      Blue Cross has not alleged or established the remaining facts necessary for complete preemption.**

Even if Blue Cross had alleged that portions of Counts I, II, III, and VI are based on ERISA plans, it still has not adequately alleged or established by a preponderance of the evidence that ERISA completely preempts them.

**1.      Count VI—section 155 of the Illinois Insurance Code**

ERISA § 502(a)(1)(B) allows claims only by plan participants or beneficiaries. 29 U.S.C. § 1132(a)(1)(B). Count VI, the section 155 claim for Blue Cross's vexatious and unreasonable refusal to pay M&G, would not be completely preempted because M&G has not brought this claim as a participant or beneficiary of an ERISA plan. (Doc. 1 ¶¶ 5–6, Ex. A ¶¶ 83–86.) Nor is there any proof that Count VI seeks ERISA plan benefits under § 502(a)(1)(B). By its terms, section 155 does not provide recovery of plan benefits; rather it imposes specific monetary penalties, such as an award of $60,000 for wrongdoing. 215 ILCS § 5/155. Consequently, M&G

---

[4] If, however, the Court were to find that Blue Cross had alleged that an ERISA plan actually underlay any of the claims, Blue Cross has not produced evidence establishing by a preponderance of the evidence that any such plans meet ERISA's definitional requirements.

could not have brought this claim under § 502(a)(1)(B). Furthermore, Blue Cross has not alleged

or established that any purportedly relevant plan addresses or penalizes its vexatious conduct, so

Count VI implicates a legal duty independent of ERISA. The Court therefore lacks subject-

matter jurisdiction over Count VI.

### 2.    Counts II and III—promissory estoppel

Similarly, ERISA does not completely preempt Counts II and III, the promissory estoppel

claims based on M&G's detrimental reliance on Blue Cross's representations regarding coverage

and the amount of benefits it would pay directly to M&G. (Ex. A ¶¶ 40, 57 of Doc. 1.) The basis

for these claims is not what an *insurance policy* says M&G should be paid, but rather what *Blue

Cross* told M&G that it would pay M&G. (*Id.*) Accordingly, neither party has alleged that M&G

has brought these claims as an ERISA plan participant or beneficiary or that there is a dispute

about plan terms, so M&G could not have brought these claims under § 502(a)(1)(B). (Doc. 1 ¶¶

5–6.) ERISA does not completely preempt "state-law claims based on the alleged shortcomings

in the communications between [a third-party healthcare provider] and [an insurer]." *Franciscan

Skemp*, No. 07-3456, at *12; *see also Rehabilitation Inst. of Chi. v. Group Admrs., Ltd.*, 844 F.

Supp 1275, 1284 (N.D. Ill. 1993) (holding that ERISA does not completely preempt provider's

state-law promissory estoppel claim). Furthermore, Blue Cross's representations to M&G about

the coverage and/or the amount Blue Cross would pay M&G for services created liability

independent of any insurance policy, so the second *Davila* factor cannot be met. Consequently,

Counts II and III are not removable.

### 3.    Count I—breach of contract

Given Count I's allegations, ERISA does not completely preempt it. It alleges that M&G

received assignments of benefits from insureds, entitling it to direct payment from Blue Cross for

the services rendered under the insurance policies. (Ex. A ¶ 20 of Doc. 1.) It also alleges that Blue Cross breached the assignments, not that Blue Cross wrongfully denied benefits, such as by refusing coverage for a particular procedure. (Ex. A ¶ 23 of Doc. 1.) Thus, the gravamen of Count I is not whether and what benefits should be paid, but, to the extent any benefits are due, whether they should be paid to M&G or to the insureds (who have told Blue Cross, via the assignments, to pay M&G).

Blue Cross has not adequately alleged or proven that the *Davila* requirements for complete preemption have been met. As for the first factor, among other things, Blue Cross must show that it has not paid the insureds for M&G's services because if it has, M&G cannot be attempting to recover the benefits under § 502(a)(1)(B)—the benefits have already been paid. *Cf.* *Washington v. Humana Health Plan, Inc.*, 883 F. Supp. 264, 266 (N.D. Ill. 1995) (finding that insured who had already received plan benefits was not trying to recover plan benefits). The plans would have already funded the benefits, Blue Cross, not the plans, would be on the hook for its misdelivery of the payments. As the only issue is the enforcement of the assignment agreement, Blue Cross has not established that an ERISA plan is implicated. Blue Cross has therefore failed to establish complete preemption of any claims contained in Count I.

## III.    Remand is also proper because the removal was procedurally defective.

Even if the Court had subject-matter jurisdiction over this action, the removal was procedurally defective.[5] A notice of removal must include a copy of the pleadings served on the defendant. 28 U.S.C. § 1446(a). The removal statutes are to be strictly construed against removal. *Allied-Signal, Inc.*, 985 F.2d at 911. A complaint is a pleading, and the exhibits attached to a complaint are a part of the pleading for all purposes. Fed. R. Civ. P. 7(a)(1), 10(c).

---

[5] M&G's motion for remand on the basis of a procedural defect is timely because it was brought within 30 days after Blue Cross filed the motion to remand on July 11, 2008. *See* 28 U.S.C. § 1447(c).

Blue Cross was therefore required to include with the notice of removal a complete copy of the complaint, including its exhibits. Blue Cross admits that it was served with a complaint with exhibits but that they are not included with the notice of removal. (Doc. 1 ¶ 3 & n.1, Ex. B.) This failure warrants remand. *Employers-Shopmens Local 516 Pension Trust v. Travelers Cas. & Surety Co.*, No. 05-444-KI, 2005 WL 1653629, at *3–4 (D. Or. July 6, 2005) (remanding in part because defendant failed to attach complaint's exhibits to its notice of removal).

Blue Cross has not identified any exceptions to § 1446(a)'s requirements, and its failure to include the complaint's exhibits is not trivial because Blue Cross asserts that its basis for removal is "the information stated on Exhibits A through C of the Complaint." (Doc. 1 ¶ 4.) In other words, it has asked the Court to take a case while omitting what purportedly provides the factual basis for the Court to do so. Furthermore, the privacy rules and regulations promulgated under the Health Information Portability and Accountability Act ("HIPAA") did not prevent it from complying with § 1446(a). (Doc. 1 ¶ 3 & n.1.) It could have complied with both § 1446(a) and HIPAA by filing a complete copy of the complaint under seal under Local Rules 5.7, 5.8, and/or 26.2.

## IV.    M&G should be awarded its costs and attorney's fees incurred as a result of the removal.

Under 28 U.S.C. § 1447(c), the Court may award M&G its costs and fees incurred as a result of the removal if the Court finds that Blue Cross "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Butler v. Kohl's Dep't Stores,*

*Inc.*, No. 08-cv-0084, 2008 WL 1836684, at *4–5 (S.D. Ind. Apr. 23, 2008) (awarding fees)

(quoting *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007)); *Simenz v. Amerihome Mortg.*

*Co., LLC*, 544 F. Supp. 2d 743, 745 (E.D. Wis. 2008) (awarding fees).

Here, Blue Cross lacked an objectively reasonable basis for removal. Section 1441(b)

plainly authorizes only removal of a civil action, yet Blue Cross has not even alleged, much less

attempted to establish, that the Court has jurisdiction over the entire action. Blue Cross has

offered no authority contradicting the plain language of § 1441(b) or cases authorizing removal

where there is jurisdiction over less than the entire action. (See Sec. I, *supra*.) Instead, removal

appears to have been a knee-jerk reaction to a suit to recover the cost of services provided to

insureds.

As to the limited claims to which Blue Cross did contend there was jurisdiction, it offered

only speculation. It apparently removed this action before determining whether any ERISA plans

were even involved, presuming that it could establish that jurisdictional fact at a later date. It

cannot be disputed that removal is improper before one has the facts in hand to justify removal.

Finally, Blue Cross has consciously omitted the portion of the complaint on which it

based removal—the complaint's exhibits—without any authority for the proposition that it need

not comply with § 1446(a) and without correcting this defect. In sum, Blue Cross's failings,

particularly as to its jurisdictional allegations, make removal objectively unreasonable, so the

Court should award M&G its costs and fees.

### Conclusion

WHEREFORE, the plaintiff, M&G Health Associates, Inc., requests that the Court

remand this case to the Circuit Court of Cook County and order the defendant, Health Care

Service Corporation, to pay the costs and attorney's fees incurred by M&G Health Associates,

Inc. as a result of the removal.

Respectfully submitted,

**M&G HEALTH ASSOCIATES, INC.,
A/K/A M&G HEALTH ASSOCIATES,
S.C., an Illinois medical corporation,**

By:  /s/Jennifer L. Baugh
        One of Its Attorneys

Douglas L. Prochnow (#2257123)
prochnow@wildman.com
John A. Roberts (#6220432)
roberts@wildman.com
Jeremy S. Goldkind (#6282972)
goldkind@wildman.com
Jennifer L. Baugh (#6282487)
baugh@wildman.com
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Chicago, IL  60606
312-201-2000
312-201-2555 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2008, I electronically filed the foregoing Plaintiff's Motion for Remand with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Douglass G. Hewitt
dhewitt@ngelaw.com
Neal Gerber & Eisenberg LLP
Two North LaSalle Street
Chicago, IL 60602
312-269-8481
312-269-1747

and hereby certify that on August 7, 2008, I mailed by United States Postal Service, the document to the following non-registered participants:

Alison Dieterichs Alvarez
Neal Gerber & Eisenberg LLP
Two North LaSalle Street
Chicago, IL 60602
312-269-8481
312-269-1747

_____ /s/ Jennifer L. Baugh _____

# EXHIBIT A

In the

# United States Court of Appeals
### For the Seventh Circuit

---

No. 07-3456

FRANCISCAN SKEMP HEALTHCARE, INCORPORATED,

*Plaintiff-Appellant,*

*v.*

CENTRAL STATES JOINT BOARD HEALTH AND
WELFARE TRUST FUND,

*Defendant-Appellee.*

---

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 07 C 387—**John C. Shabaz,** *Judge.*

---

ARGUED MAY 9, 2008—DECIDED JULY 31, 2008

---

Before FLAUM, KANNE, and TINDER, *Circuit Judges.*

TINDER, *Circuit Judge.* This is a case about ERISA pre-emption. The plaintiff-appellant, Franciscan Skemp Healthcare, Inc. ("Franciscan Skemp"), is a healthcare provider in La Crosse, Wisconsin. The defendant-appellee, Central States Joint Board Health and Welfare Trust Fund ("Central States"), is an employee benefit plan. Sherry Romine, through her employment, was a Central States plan participant. She came to Franciscan Skemp in October 2003 seeking medical treatment. Before providing

services, Franciscan Skemp called Central States to verify
Central States's coverage of Romine and the relevant
services. A Central States representative made oral repre-
sentations that they were covered. Franciscan Skemp
treated Romine. Following unsuccessful efforts to receive
payment from Central States, after submitting a claim for
benefits, Franciscan Skemp learned that Central States
would not pay—it turns out that Romine lost her benefits,
effective September 30, 2003, for failing to pay COBRA
premiums. When Franciscan Skemp called in October
to verify coverage, the Central States representative
failed to disclose that Romine's coverage was subject to
COBRA and that the coverage could be retroactively
canceled.

Franciscan Skemp brought suit against Central States
in Wisconsin state court in May 2007, alleging claims of
negligent misrepresentation and estoppel under the laws
of that state. Central States filed a notice purporting to
remove the case to federal court on the grounds that the
claims were subject to the Employee Retirement Income
Security Act ("ERISA"), conferring exclusive federal
jurisdiction, and then moved to dismiss in district court
for failure to state a claim under ERISA. Franciscan
Skemp opposed the motion to dismiss and brought its
own motion to remand to state court. The district court
concluded that the state-law claims were completely
preempted by ERISA, thus establishing exclusive federal
jurisdiction. After recharacterizing the claims as ones
arising under ERISA, the district court also dismissed
them for failure to state a claim. We are now presented
with Franciscan Skemp's appeal. We review the legal
question of whether there was federal jurisdiction, and
proper removal, de novo. *Alexander v. Mount Sinai Hosp.
Med. Ctr.*, 484 F.3d 889, 891 (7th Cir. 2007).

No. 07-3456                                                           3

Complete preemption, really a jurisdictional rather than a preemption doctrine, confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim. ERISA is such an area: "[T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' "*Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). Complete preemption, therefore, creates an exception to the ordinary application of the well-pleaded-complaint rule—that a court only looks to the complaint to determine whether there is federal-question jurisdiction. Artful pleading on the part of a plaintiff to disguise federal claims by cleverly dressing them in the clothing of state-law theories will not succeed in keeping the case in state court. In these instances, the federal law has effectively displaced any potential state-law claims. " 'When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.' " *Davila*, 542 U.S. at 207-08 (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). Accordingly, such claims are removable.

Of course the difficulty arises in drawing the line between what is completely preempted and what escapes the cast of the federal net. The Supreme Court in *Davila* used a two-part analysis for determining when a claim has been completely preempted by ERISA:

[I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is

entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B) . . . . In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

*Davila*, 542 U.S. at 210.[1]

Under the district court's and Central States's reasoning, Franciscan Skemp could have brought its state-law claims of negligent misrepresentation and estoppel under ERISA § 502(a)(1)(B).[2] Franciscan Skemp took an assignment of benefits from Romine and filed a claim form with Central States. The filing of the form and the language on the form demonstrate an assignment of benefits. Once Romine's assignee, Franciscan Skemp stands in her shoes and is an ERISA beneficiary. As a beneficiary,

---

[1] The district court used the test from *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482 (7th Cir. 1996). While the *Jass* decision itself has not been called into question, we find that the test outlined by the Supreme Court in *Davila* displaced the similar three-prong *Jass* analysis previously used in this circuit. Therefore, we are using the two-pronged analysis from *Davila* rather than the three-part *Jass* test. Regardless, the result would be the same.

[2] We use the citation form "ERISA § 502(a)(1)(B)" because that is the more common practice. The official U.S.C. cite is 29 U.S.C. § 1132(a)(1)(B).

No. 07-3456                                                    5

Franciscan Skemp was entitled to bring a claim under
ERISA. Franciscan Skemp requested that Central States
be "estopped from denying coverage benefits for the
Romine medical services" and that a "judgment [be
entered] against defendant for the services provided by
Franciscan Skemp as would otherwise be covered by
defendant's plan." The district court found that "[t]hese
requests establish that the gravamen of plaintiff's cause
of action is a desire to recover benefits it believes are due
to it under the terms of the Plan." Section 502(a)(1)(B) of
ERISA provides that a beneficiary can bring an action to
"recover benefits due to him under the terms of his
plan." Therefore, the argument goes, Franciscan Skemp's
claims are within ERISA § 502's scope.

What the district court and Central States too easily
overlook, however, is that Franciscan Skemp is not bring-
ing these claims as Romine's assignee. Admittedly at
first glance it looks like a claim that would arise under
ERISA—a beneficiary's assignee bringing an action to
recover plan benefits. But upon closer examination, that
is not at all what is happening here.

Franciscan Skemp is bringing these claims of negligent
misrepresentation and estoppel, not as Romine's assignee,
but entirely in its own right. These claims arise not from
the plan or its terms, but from the alleged oral representa-
tions made by Central States to Franciscan Skemp. Francis-
can Skemp *could* bring ERISA claims in Romine's shoes
as a beneficiary for the denial of benefits under the plan;
but it has not. In fact, Franciscan Skemp does not at all
dispute Central States's decision to deny Romine coverage.
Franciscan Skemp acknowledges that Romine is not
entitled to benefits, because she failed to make her COBRA
premium payments. It would be odd indeed, then, to

conclude that Franciscan Skemp is standing in Romine's shoes as a beneficiary seeking benefits when Franciscan Skemp acknowledges that Romine is not actually entitled to any benefits. Franciscan Skemp is basing its claims on a conversation to which Romine was not even a party. Thus Franciscan Skemp is not and could not be "standing in her shoes" or asserting her rights. Franciscan Skemp is bringing its own independent claims, and these claims are simply not claims to "enforce the rights under the terms of the plan." ERISA § 502(a)(1)(B).

What of the claim form then? We do not quarrel with the determination below that the claim form evidences an assignment of benefits; we just disagree with the import of that determination. The claim form was filed before Franciscan Skemp was aware that Romine hadn't made her payments and that Central States would deny coverage. At that point in time, it was perfectly logical for Franciscan Skemp to file the form as Romine's assignee. Upon learning that Central States would not pay due to Romine's failure to pay COBRA premiums, Franciscan Skemp then asserted its own rights by bringing this lawsuit. Simply because at one point in time Franciscan Skemp acknowledged an assignment from Romine does not mean that it simultaneously and implicitly gave up any claim(s) it had against Central States apart from that assignment.

Central States also makes much of the references in the complaint to the plan and the request that Central States pay "to the extent said services would otherwise have been covered." These references, however, are solely for the purpose of identifying a damages amount; they do not convert the claims into ones for plan benefits. Franciscan Skemp seeks damages, not wrongfully denied benefits.

Therefore, under the first consideration from *Davila*, the claims are not preempted because they could not have been brought under ERISA § 502(a)(1)(B). This is not a beneficiary's claim—a beneficiary whom all agree is not even entitled to benefits. Moreover, Franciscan Skemp is not suing "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," which is precisely all § 502(a)(1)(B) provides. Franciscan Skemp is seeking damages arising from alleged misrepresentations made by Central States to Fransiscan Skemp in response to its inquiry—a wrong not within § 502's scope.

Analysis under the second step in the *Davila* test—whether there is an independent legal duty implicated by the defendant's actions—also undercuts finding the claims completely preempted. The claims of negligent misrepresentation and estoppel derive from duties imposed apart from ERISA and/or the plan terms; Wisconsin state law defines those duties. For instance, Wisconsin's Civil Jury Instruction regarding Negligent Misrepresentation includes the following:

> Representations of fact do not have to be in writing or by word of mouth, but may be acts or conduct on the part of (<u>defendant</u>), or even by silence if there is a duty to speak. [A duty to speak may arise when information is asked for; or where the circumstances would call for a response in order that the parties may be on equal footing; or where there is a relationship of trust or confidence between the parties.]

Wis. Civil Jury Instructions 2403 (1993); *cf. Kaloti Enters., Inc. v. Kellog Sales Co.*, 283 Wis. 2d 555, ¶¶ 13-20, 699 N.W.2d 205, ¶¶ 13-20 (Wis. 2005) (describing the duty to

disclose in misrepresentation-based torts); *Tietsworth v. Harley-Davidson, Inc.*, 270 Wis. 2d 146, ¶¶ 13-14, 677 N.W.2d 233, ¶¶ 13-14 (Wis. 2004) (explaining that " 'silence, a failure to disclose a fact, is not an intentional misrepresentation unless the seller has a duty to disclose' " and "[t]he existence and scope of a duty to disclose are questions of law for the court" (quoting and citing *Ollerman v. O'Rourke Co.*, 94 Wis. 2d 17, 26, 288 N.W.2d 95 (Wis. 1980))). See also, e.g., *Milas v. Labor Ass'n of Wisconsin, Inc.*, 214 Wis. 2d 1, ¶ 16, 571 N.W.2d 656, ¶ 16 (Wis. 1997), for the elements of an estoppel claim. Whether Franciscan Skemp can prevail on these claims is an issue for another day and another court, but the relevant legal duties, logically implicated by these facts, are entirely independent from ERISA and any plan terms. Therefore, under both *Davila* prongs in the test for complete preemption, Franciscan Skemp's state-law claims survive.

Decisions from other circuits also support this outcome. The Eighth Circuit in *In Home Health, Inc. v. Prudential Insurance Co. of America*, 101 F.3d 600, 604-07 (8th Cir. 1997), found that ERISA did not preempt a state tort claim against an administrator of an ERISA plan brought by a healthcare provider "not as an assignee of an ERISA beneficiary but as an independent entity claiming damages." *Id.* at 604. The court also noted that "[a] majority [of other circuits] have concluded [that] providers' state law claims are not preempted by ERISA." *Id.; see also Meadows v. Employers Health Ins.*, 47 F.3d 1006 (9th Cir. 1995). In *Meadows*, a healthcare provider similarly received assurance of coverage and provided treatment, but received no payment. The provider brought a claim alleging negligent misrepresentation, estoppel, and breach of contract. The action was removed on the basis

of ERISA preemption, and the court dismissed without prejudice, explaining that because the healthcare provider sued derivatively, ERISA preempted the state-law claims. *Meadows*, 47 F.3d at 1008. The healthcare provider then filed a new suit, but this time suing not as an assignee or subrogee but as "a third-party health care provider for claims that were non-derivative and independent of those which the [patient] might have had." *Id.* It was a suit for damages, not for policy benefits. *Id.* On appeal, the Ninth Circuit concluded that the claims were not completely preempted, explaining, "[T]he claims arose because there was not plan coverage for the [patient], which was the very fact misrepresented . . . ." *Id.* at 1010. In *Hospice of Metro Denver v. Group Health Insurance of Oklahoma, Inc.*, 944 F.2d 752 (10th Cir. 1991), the court specifically pointed out that the references in the complaint to the ERISA plan did not automatically make the claims ERISA claims. It concluded, "those references provide a background factual explanation of Blue Cross's decision to deny benefits . . . . [The patient/beneficiary] is not a party to this action, and his right to receive benefits under the plan is not at issue." *Id.* at 754. These cases, and others, from our sister circuits bolster our conclusion in this case that Franciscan Skemp's state-law claims are not completely preempted by ERISA. *See also Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 243-50 (5th Cir. 1990).

These decisions were criticized by Central States in part because they were pre-*Davila*. We do not find any concrete reason to suppose that the conclusions reached in these cases have been deemed incorrect by *Davila*. Moreover, we cite these cases not for their analytical

frameworks, where we might find disagreement[3] and where we opt for the method outlined in *Davila*, but for the inherent logic of their outcomes, which supports the notion that state-law claims brought by third-party healthcare providers, in situations analogous to the one with which we are now faced, are independent of ERISA and not completely preempted.[4]

Central States does urge *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272 (6th Cir. 1991), as support for its position. However, as the Eighth Circuit noted, this case is somewhat of an exception to the trend. *See In Home Health*, 101 F.3d at 604-05. In *Cromwell* the Sixth Circuit found that a healthcare provider's state-law claims of negligent misrepresentation and estoppel were essentially claims for ERISA plan benefits and thus preempted. *Cromwell* is distinguishable at the outset because the court found that the appellants "clearly claimed to be

---

[3] Admittedly some of these cases apply, in whole or in part, what we consider conflict preemption analysis rather than complete preemption analysis. However, given the similar underlying policy considerations and that conflict preemption in a general sense (apart from its savings clause) is broader than complete preemption, a finding that these state-law claims survive even conflict preemption is informative to our discussion. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1281-82 (11th Cir. 2005). However, we explicitly note that by making this observation we are not implying that the presence (or absence) of either conflict or complete preemption is a prerequisite (or a bar) for finding the other. *Cf. Davila*, 542 U.S. at 214 n.4, 216-18.

[4] At least one district court has reached the same result we reach here post-*Davila*. *See Children's Hosp. Corp. v. Kindercare Learning Ctrs., Inc.*, 360 F. Supp. 2d 202 (D. Mass. 2005).

entitled to benefits due them from the . . . plan as beneficia-
ries by virtue of the assignment of benefits clause." *Id.* at
1278; *see In Home Health,* 101 F.3d at 605 ("*Cromwell* is
distinguishable from the present case because Home
Health is not seeking benefits as the assignee of an ERISA
beneficiary."). In the instant case as in *In Home Health*
and unlike *Cromwell,* Franciscan Skemp is not seeking
benefits as Romine's assignee or "by virtue of an assign-
ment."

Moreover, even aside from that facial difference, the
reasoning in *Cromwell* is simply not persuasive. As the
dissenting judge in *Cromwell* opined, in accord with our
analysis in this case, "[A] claim of promissory estoppel
raised by a third-party health care provider is asserted
precisely because that provider *is not* entitled to benefits
under the plan." *Cromwell,* 944 F.2d at 1283 (Jones, J.
dissenting). He also criticized the majority's focus on the
alleged "assignment," *id.* at 1281-82, 1283-84, and con-
cluded that "the Fifth Circuit's analysis in *Memorial
Hospital* is correct, and [he] would follow it to find no
preemption of Cromwell's promissory estoppel and
negligent misrepresentation claims." *Id.* at 1284. The
dissenting judge also quoted a rather persuasive passage
from *Memorial Hospital*:

> If a patient is not covered under an insurance policy,
> despite the insurance company's assurances to the
> contrary, a provider's subsequent civil recovery
> against the insurer in no way expands the rights of
> the patient to receive benefits under the terms of the
> health care plan. If the patient is not covered under
> the plan, he or she is individually obligated to pay
> for the medical services received. The only question
> is whether the risk of nonpayment should remain

> with the provider or be shifted to the insurance com-
> pany, which through its agents misrepresented to the
> provider the patient's coverage under the plan. A
> provider's state law action under these circum-
> stances would not arise due to the patient's coverage
> under an ERISA plan, but precisely because there is
> no ERISA plan coverage.

*Mem'l Hosp.*, 904 F.2d at 246, *quoted in Cromwell*, 944 F.2d at
1284 (Jones, J. dissenting). The criticism of the *Cromwell*
reasoning found in its dissent and in other circuits' cases
plus our own application of the Supreme Court's *Davila*
test in this case compels us to conclude that *Cromwell* is a
poorly reasoned outlier in the face of the strong trend in
the bulk of the cases considering healthcare-provider
claims in contexts similar to the case currently before us.

In sum, proper analysis of Franciscan Skemp's claims
against the broad reach of ERISA under the test outlined
by the Supreme Court in *Davila* leads to the conclusion
that ERISA does not completely preempt the claims at
issue in this case. Fransiscan Skemp is not bringing these
claims as a beneficiary, nor is it standing in the shoes of a
beneficiary. It is not arguing about plan terms. It is not
seeking to recover plan benefits and even acknowledges
that under the plan Romine is entitled to nothing.
Fransiscan Skemp is bringing state-law claims based on
the alleged shortcomings in the communications between
it and Central States. There are no grounds for removal.
This case belongs in state court.

We, of course, make no comment on the ultimate suc-
cess or failure of these state-law claims, nor do we pass
judgment on any potential conflict, sometimes called
defensive, preemption argument. *See* ERISA § 514(a), 29
U.S.C. § 1144(a). Conflict preemption, unlike complete

No. 07-3456                                                          13

preemption, actually is a true preemption doctrine and is an issue left to the state court in this case, since conflict preemption does not provide an independent basis for federal jurisdiction/removal. *See Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012-15 (11th Cir. 2003) ("Whether complete preemption applies is a jurisdictional issue, which must be addressed first and is separate and distinct from whether a defendant's ERISA § 514 . . . preemption defenses apply . . . ."); *see also Jass*, 88 F.3d at 1487-88 ("[W]e noted that the state law claim may be susceptible to 'conflict preemption' under § 514(a), but merely as a defense and not a basis for federal jurisdiction."); *Cotton*, 402 F.3d at 1281 n.14 ("[A] federal court's order remanding a case to state court based on the inapplicability of the complete preemption doctrine leaves open the question whether the plaintiff's claims are nevertheless defensively preempted.").

We REVERSE the denial of the motion to remand and VACATE the order dismissing the claims as the trial court lacked jurisdiction to enter that order. Upon return of this case to the district court, it is to be remanded to the state court from which it was removed.