IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| M&G HEALTH ASSOCIATES, INC., A/K/A M&G HEALTH ASSOCIATES, SC,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH CARE SERVICE CORPORATION, A MUTUAL LEGAL RESERVE COMPANY, D/B/A BLUE CROSS BLUE SHIELD OF ILLINOIS,<br><br>Defendant. | CASE NO. 08CV3944<br><br>HONORABLE JUDGE LEFKOW<br><br>HONORABLE MAGISTRATE JUDGE COX |

## QUALIFIED PROTECTIVE ORDER

The Privacy Rule, as issued and amended by the U.S. Department of Health and Human Services, and codified in 45 C.F.R. § 160 and 45 C.F.R. § 164 (the "Rule"), provides that the use or disclosure of "protected health information," as defined in 45 C.F.R. § 160.103, by "covered entities" and their "business associates" may only occur under certain circumstances, and, thereafter, only if certain precautions are taken to restrict the dissemination of such information. Specifically, 45 C.F.R. § 164.512(e) permits the use and disclosure of protected health information by a party in a judicial proceeding so long as the party has made "satisfactory assurances," including, *inter alia*, establishing a qualified protective order.

As it may be necessary or desirable to take discovery of such protected health information, and the defendant hereto, admittedly a "covered person" or "covered entity," and its counsel, admittedly "business associates," therefore desire to obtain a qualified protective order to comply with the Rule and restrict dissemination of such information and to prevent disclosure thereof, including on the public record.

It is hereby ordered, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for good cause shown, that the following provisions shall govern the handling of such information and documents in these proceedings:

1. This Order shall be applicable to and govern all documents that may be furnished and all information that may be disclosed in connection with this litigation to any party by any other person, and specifically designated as "Protected Health Information," except any document or information in the public domain. For purposes of this Order, the term "information" includes, but is not limited to, information provided in interrogatories and testimony given in depositions.

2. No party shall furnish any document or disclose any information designated "Protected Health Information" pursuant to this Order except as provided herein.

3. Any party furnishing one or more written documents who believes such documents represent protected health information, and are subject to and governed by the terms of this Order, shall endeavor to advise counsel for all other parties in writing of the confidentiality thereof.

4. Any party issuing or providing answers to interrogatories who believes such documents represent protected health information, and are subject to and governed by the terms of this Order shall endeavor to advise counsel for all other parties in writing of the confidential nature of the information thereof.

5. Portions of deposition testimony and transcripts may be designated as "protected health information" and subject to and governed by the terms of this Order by advising counsel present at the deposition that such testimony relates to or represents protected health information. The transcript of the testimony designated "protected health information" shall be marked

"CONFIDENTIAL, Subject to Protective Order" by the court reporter or the parties. The parties shall take reasonable precautions to ensure that all persons not subject to this Order are excluded from depositions, or any portion thereof, involving testimony which the parties designate as "protected health information" under this Order.

6. The documents or information designated "protected health information" pursuant to this Order:

(a) shall not be disclosed or distributed by any Receiving Party or its counsel to any person other than to (1) counsel of record for either party, (2) officers, directors, agents, employees of either party, (3) consulting experts hired by either party who are assisting counsel in preparation of this action for trial, (4) witnesses that have agreed to be bound by the Protective Order, (5) court reporters that have agreed to be bound by the Protective Order, and (6) the Court and its employees;

(b) shall not be used by any person for any other lawsuit or for any purpose other than the preparation for and trial of this case, or any suit arising out of the facts or circumstances of this case, except where required by court order after reasonable notice is given to counsel for all parties;

(c) shall not be disclosed to any person unless the provisions of Paragraph 7 of this Order are agreed to and followed; and

(d) shall be filed with the Court, should filing be desired or required, only in a sealed envelope or container, after the parties have complied with Local Rules 5.8 and 26.2, and shall not be disclosed by the Clerk or any other person except upon further order of this Court, and after reasonable notice is given to counsel for all parties. On the

sealed envelope or container shall be affixed the title of this action and a statement in the following form:

> **PROTECTED HEALTH INFORMATION** – This envelope contains documents or information that have been filed in this case by _____ [name of disclosing person/entity] and are not to be opened nor the contents thereof to be displayed or revealed except by the Court or upon Order of the Court. The contents of this envelope or container are not part of the public record of this case.

7. Prior to disclosing any Protected Health Information to any person, counsel for the respective parties shall first have the Receiving Person read this Order and explain the contents of this Order to that person. The Receiving Person shall agree to be bound by the terms of this Order and, for all persons in the categories identified in subparagraph 6(a)(3) and (4) of this Order, shall execute an affidavit in the form attached as Exhibit "1" hereto. Counsel for the respective parties shall maintain the originals of all such affidavits.

8. The Court may, at any time, examine and review *in camera* any document or information governed by this Order.

9. No party or other person may withhold information from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for and obtains from the Court an order providing such special protection. Any such motion must be made within a reasonable time after the discovery is sought.

10. The designation of "Protected Health Information" may be challenged by any person upon motion to the Court. The movant must accompany such a motion with the statement detailing efforts to resolve disagreements among the parties or their counsel.

11. At the conclusion of all proceedings in this litigation, all documents governed by the terms of this Order (and all copies of the documents) shall either be (a) returned to the person who furnished the documents by any person in possession thereof; or (b) destroyed.

12. This Order shall not be construed as a waiver of the attorney/client privilege and/or work product doctrine, both of which shall govern the particular rights and obligations of any party with respect to the disclosure of documents and/of information.

13. No document treated as confidential under this protective order may be filed under seal with the court in reference to a dispositive motion or submitted as evidence at trial under seal, unless the court, on separate motion for good cause shown, grants leave to file or submit into evidence such documents under seal.

**IT IS SO ORDERED.**

Dated: AUG 2 6 2008

By: _____
Judge Lefkow/Magistrate Judge Cox